IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEIRAND R. MOORE,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br>    Defendant. | Case No. 1:15-CV-01058-JEH |

### Order

Now before the Court is the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm"), motion for summary judgment (D. 40) and the *pro se* Plaintiff, Keirand Moore's, response thereto (D. 48). For the reasons stated, *infra*, State Farm's motion is granted.[1]

**I**

**A**

As alleged in the Complaint, Moore worked at State Farm until he was fired in April 2014. He claims he was denied an opportunity for a promotion to a "Service Level Liaison" position because he is black and also due to State Farm's retaliation against him for filing internal complaints regarding State Farm's racism as well as administrative charges of racial discrimination and retaliation with the Illinois Department of Human Rights ("IDHR").

The Complaint also alleges that State Farm failed to reasonably accommodate Moore's illness, namely his Crohn's disease. In particular, State Farm allegedly did not "adjust [Moore's] workload even though [State Farm] knew that [he] was

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (D. 38-39).

1

seriously ill and out on sick leave frequently." Further, State Farm allegedly assigned him new tasks even though Moore was working from home; that new assignment caused him stress that exacerbated his illness. Additionally, Moore claims State Farm "constantly harassed [Moore] about productivity even though [his] symptoms were such that [he] could not produce the same amount of work as [his] healthier counterparts." Finally, Moore claims that one of his co-workers assaulted and battered him following a meeting, and former co-workers defamed him during the IDHR's investigation of his case.

State Farm previously moved to dismiss the portion of Moore's Complaint alleging disability discrimination, arguing that Moore failed to exhaust his administrative remedies by failing to raise this claim with the IDHR or the Equal Employment Opportunity Commission ("EEOC"). Judge Sara L. Darrow denied that motion, finding that the issue was better suited for consideration on a motion for summary judgment in which State Farm could "provide greater background regarding whether Moore has filed any other IDHR or EEOC charges during the relevant time period." (D. 27 at p. 8).

State Farm has now filed such a motion, arguing that it is entitled to summary judgment on Moore's American with Disabilities Act ("ADA") claim because of his failure to exhaust administrative remedies. Additionally, State Farm argues that it is entitled to summary judgment on Moore's Illinois defamation claim because the alleged statements forming the basis of that claim are privileged. (D. 40 at p. 1). Moore responds to the exhaustion argument by challenging the fairness of the IDHR investigation. (D. 48 at pp. 8-9). Moore responds to State Farm's argument concerning the defamation claim by challenging the characterization of those making the alleged statements as "co-workers," although he also acknowledges that the individuals in fact work for State Farm. (D. 48 at pp. 5-7). He also discusses at length the nature of the alleged statements and the harm they allegedly caused him. *Id.*

**B**

The undisputed facts demonstrate that Moore filed five charges of discrimination with the IDHR and EEOC. A review of all these documents clearly demonstrates that in none of them did Moore ever make a claim related to a disability or disability discrimination; all of his claims were based on race discrimination or retaliation related thereto. (D. 40-1). Additionally, Moore in his response nowhere asserts that he raised a claim of disability discrimination before the IDHR or EEOC. (D. 48 at pp. 1-4).

Regarding the defamation claim, the Complaint alleges that State Farm employees Omar West and Jenna Hillesheim defamed Moore by testifying falsely in the IDHR proceedings that Moore had a poor performance history. (D. 1 at p. 4). It is undisputed that both West and Hillesheim are State Farm employees and whatever statements they may have made at issue in this case were made during the course of the administrative proceedings. (D. 48 at pp. 4-8).

**II**

**A**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 7477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323- 24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183(7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson* at 250.

## B

Judge Darrow, in her Order on State Farm's Motion to Dismiss, set forth the exhaustion of administrative remedies requirement for ADA claims, and this Court repeats it verbatim here. Specifically:

> Certain kinds of employment discrimination claims, including those arising under the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12111–12117, require exhaustion of administrative remedies as a precondition to filing a federal lawsuit. *See id.* § 12117(b); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999) ("[A] plaintiff is barred from raising a[n ADA] claim in the district court that had not been raised in his or her EEOC charge . . . ."). The Seventh Circuit characterizes an employment discrimination plaintiff's failure to exhaust as an affirmative defense. *Mosely v. Bd. of Ed. of City of Chi.*, 434 F.3d 532– 33 (7th Cir. 2006) (ADEA case); *Bibbs v. Sheriff of Cook Cnty.*, No. 13-3355, 618 F. App'x 847, 849 (7th Cir. July 2, 2015) (writing in a Title VII case: "failure to exhaust administrative remedies is an affirmative defense . . .").
> The ADA's exhaustion requirement "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion . . . and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal citation omitted). A plaintiff may therefore only sue over an employer's conduct "if there is a reasonable relationship

> between the allegations in the [administrative] charge and the claims in the complaint, and the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*; *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("[T]he scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC. An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."). Charges of discrimination are reasonably related if "there is a factual relationship between them," which means, "at a minimum . . . that the EEOC charge and the complaint . . . describe the same conduct and implicate the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005).
>
> Administrative charges of discrimination, whether filed with a state or federal agency, are to be construed liberally by federal courts to accommodate pro se filers and to further the remedial purposes of anti-discrimination statutes. *Ezell*, 400 F.3d at 1047.

(D. 27 at pp. 4-5).

The undisputed evidence in this case demonstrates that at no time did Moore raise in the administrative proceedings below anything related to his disability discrimination claims. All of his claims before the IDHR and EEOC related only to race discrimination and retaliation related thereto. Accordingly, the disability discrimination claims Moore makes in his Complaint are not "reasonably related" to his charges in the administrative proceedings, for the charges there did not "describe the same conduct." *Ezell*, 400 F. 3d at 1046. Thus, the administrative agencies and State Farm "did not have opportunity to settle the dispute through conference, conciliation, and persuasion, "and State Farm was not given "some warning of the conduct about which the employee is aggrieved." *Cheek,* 31 F.3d at 500.

In light of Moore's failure to raise his ADA claims before the IDHR and EEOC, he failed to exhaust his administrative remedies on these claims and cannot, therefore, bring those claims for the first time in this Court. State Farm is entitled to summary judgment on Moore's ADA claims.

## C

State Farm is also entitled to summary judgment of Moore's defamation claim. It is well established in Illinois that "statements made during quasi-judicial proceedings, such as an IDHR investigation, are privileged and cannot be the basis for a private cause of action." *Zhan v. County of Cook*, 2004 WL 2966953, *4 (N.D. Ill), citing *Thomas v. Petrulis*, 465 N.E.2d 1059 (1984). Even assuming West and Hillesheim made that statements as alleged by Moore in the Complaint, the undisputed facts demonstrate that the statements were made by them during the IDHR investigation, a quasi-judicial proceeding. Accordingly, those statements cannot form the basis of a defamation claim under Illinois law, and State Farm is entitled to summary judgment on Moore's Defamation claim.

## III

For the reasons stated, *supra*, State Farm's motion for summary judgment is GRANTED. (D. 40). The parties are directed to confer regarding the discovery, if any, which still needs to be conducted on the claims remaining in this case and submit a supplemental discovery plan to the Court for consideration on or before January 13, 2017.

*It is so ordered.*

Entered on December 22, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE