IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEIRAND R. MOORE,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br>    Defendant. | Case No. 1:15-CV-01058-JEH |

## Order

Now before the Court is the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm"), Motion for Reconsideration (D. 58)[1] and the *pro se* Plaintiff, Kierand Moore's, response thereto (D. 59). For the reasons stated, *infra*, the Court GRANTS State Farm's motion.[2]

In ruling on State Farm's most recent Motion for Summary Judgment (D. 57), the Court found, *inter alia*, that State Farm was not entitled to partial summary judgment on Moore's retaliation claim. *Id.* at pg. 5-6. In its Motion to Reconsider, State Farm highlights that the Court's ruling did not account for a change in the language of Federal Rule of Civil Procedure 56, which was redrafted in 2010 specifically to allow courts to make partial rulings on claims for summary judgment. (D. 58 at pg. 3). As such, State Farm argues it is entitled to summary judgment on Moore's retaliation claim stemming from his allegations of assault and battery. *Id.* In response, Moore acknowledges the change in the rule but suggests that it should not be applied under all circumstances. (D. 59 at pg. 1).

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (D. 38-39).

1

The Seventh Circuit recently held that "[t]he Federal Rules of Civil Procedure explicitly allow for '[p]artial summary judgment' and require parties to 'identif[y] each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.' Fed. R. Civ. P. 56(a) (emphasis added)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). The Circuit went on to state that "[a]t the summary-judgment stage, the court can properly narrow the individual *factual* issues for trial by identifying the material disputes of fact that continue to exist." *Id.* (emphasis in original); see also *Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.*, 791 F. Supp. 2d 626, 632 (E.D. Wis. 2011) (noting that "the newly revised rules permit a party to move for partial summary judgment, a term the advisory committee itself understood to mean an issue narrowing adjudication.").

Given the above, State Farm is indeed entitled to partial summary judgment on Moore's assault and battery-related retaliation claim. In the Court's view, it is axiomatic that evidence related to Moore's allegation of assault and battery, which failed to survive summary judgment, would be inadmissible regardless of when a party seeks to admit it. Therefore, the Court GRANTS State Farm's Motion for Summary Judgment on Moore's retaliation claim, solely as it relates to his claims of assault and battery.

For the reasons stated, *supra*, State Farm's Motion for Reconsideration (D. 58) is GRANTED and, as a result the Court also GRANTS, in total, State Farm's Motion for Summary Judgment on Moore's Assault & Battery and Related Retaliation Claims (D. 53).

*It is so ordered.*

Entered on June 13, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE