E-FILED
Wednesday, 26 July, 2017  02:17:13 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| KEIRAND R. MOORE,<br>　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br>　　　Defendant. | Case No. 1:15-CV-01058-JEH |

**Order**

Now before the Court is the the *pro se* Plaintiff, Kierand Moore's, Motion for Reconsideration (D. 63)[1] and the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm"), response thereto (D. 64).  For the reasons stated, *infra*, the Court DENIES Moore's motion.[2]

In ruling on State Farm's most recent Motion for Summary Judgment (D. 57), the Court initially found, *inter alia*, that State Farm was not entitled to partial summary judgment on Moore's retaliation claim.  *Id.* at pg. 5-6.  In the Defendant's subsequent Motion to Reconsider, State Farm highlighted that the Court's ruling did not account for a change in the language of Federal Rule of Civil Procedure 56, which was redrafted in 2010 specifically to allow courts to make partial rulings on claims for summary judgment.  (D. 58 at pg. 3).  The Court acknowledged the change in the law and therefore granted State Farm summary judgment on Moore's assault and battery-related retaliation claim.  (D. 61).

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (D. 38-39).

Now, Moore asks the Court to reconsider its ruling, again. (D. 63). Specifically, he wants evidence from the alleged assault and battery to "be recognized as applicable to the charges of 'harassment', 'retaliation' and 'discrimination'." *Id.* at pg. 6. In the same breath, however, Moore limits his use of the evidence to his "harassment and retaliation charges[]" and further states "[t]here would be no reference made by me during the trial to the assault and battery charges that have been dismissed." *Id.* at pg. 1.

"'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). In his motion, Moore has failed to highlight any manifest errors of law or fact. Nor has he brought any newly discovered evidence to the Court's attention. Therefore, the Court DENIES Moore's motion.

For the reasons stated, *supra*, Moore's Motion for Reconsideration (D. 63) is DENIED.

*It is so ordered.*

Entered on July 26, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE